## Case No. 11,294.

### In re PORTINGTON et al.

#### [8 Ben. 175.] [1]

District Court, S. D. New York. June, 1875.

FIXING REGISTER'S FEES ON COMPOSITION — REPAYMENT OF EXCESSIVE FEES.

When a surrender of property has been made to a register by bankrupts who subsequently effect a composition with their creditors, which is approved by the court, and thereupon the property is returned to the bankrupts, the compensation to be received by the register for his fees and services must be fixed by the court, and not taxed by the clerk of the court. If a register, under such circumstances, has received more than lawful compensation, he can, under general order No. 30, be compelled by the court to pay the excess into court.

The register certified to the court, that, in this case, which was one of voluntary bankruptcy, a surrender of property was made to him by the bankrupts [Robert C. Portington and Francis Portington], which property remained in his custody until a composition was made by the bankrupts with their creditors, whereupon, by order of court, the property was surrendered again to the bankrupts; that the amount to be paid to the register for his fees in the matter had been estimated, agreed upon with the attorney of the bankrupts, and paid to him, and he had certified thereupon that his fees, costs and expenses had been paid, whereupon the order approving the composition had been made, and the property surrendered to the bankrupts; and that subsequently an order had been made, referring it to the clerk of the court, under general order No. 30, to tax the register's bill of fees and charges. And the register submitted to the court, that such order should be vacated, on several grounds, the second of which was, that the taxation by the clerk "would not be within the provisions of the rule which provides that the 'clerk shall tax each fee-bill, allowing none but such as are provided for by these rules,' for the matters in question are outside all such provisions;" but, he added, that, if the court wished, he would be happy to certify to it his services and disbursements in the matter.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. I think the order must be vacated for the reason secondly assigned by the register. The matter of the compensation is for the court to adjust, and not for the clerk to tax as fees. But, I think that if the register has received any money, in excess of lawful compensation, he can, under general order No. 30, be ordered by the judge to pay it into court. In this view, the services and disbursements should be certified by the register, as he suggests.

PORTLAND (BAKER v.). See Case No. 777.

PORTLAND (BRAGG v.). See Case No. 1,802.

PORTLAND (COULSON v.). See Case No. 3,275.

PORTLAND (LOWNSDALE v.). See Cases Nos. 8,578 and 8,579.

PORTLAND, The (LOWRY v.). See Case No. 8,583.

PORTLAND (MERRILL v.). See Case No. 9,470.

PORTLAND & K. R. CO. (SULLIVAN v.). See Case No. 13,596.

PORTLAND MANUF'G CO. (WEBB v.). See Case No. 17,322.